SCOTT KEITH WILSON, Federal Public Defender (#7347)
NATHAN PHELPS, Assistant Federal Public Defender (#14752)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22cr182 HCN |
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| vs. | |
| JEREMY VAN DUREN, | Judge Howard C. Nielson |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering this plea:

1.      I intend to plead guilty to Count I of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the United States is required to prove in order to convict me. The elements of Count I of the indictment, which charges a violation of 18 U.S.C. § 751(a), are:

     a.  the defendant knowingly escaped from a facility where held in custody;

     b.  custody in the facility was pursuant to a sentence imposed by a federal district court judge;

     c.  the confinement was by virtue of a felony conviction.

2.      I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 751(a), is a term of imprisonment of 5 years, a

fine of $250,000, a term of supervised release of 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

      a.  Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

      b.  I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

      3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

      4.      I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

      5.      I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

      6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

      a.  I have a right to the assistance of counsel at every stage of the proceeding.

      b.  I have a right to see and observe the witnesses who testify against me.

      c.  My attorney can cross-examine all witnesses who testify against me.

      d.  I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

      e.  I cannot be forced to incriminate myself, and I do not have to testify at my trial.

      f.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g.  The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

h.  It requires a unanimous verdict of a jury to convict me.

i.  If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7.  If I plead guilty, I will not have a trial of any kind.

8.  I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9.  I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10.  I know that under a plea of guilty the judge may ask me questions under oath about the offense.  The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.  I stipulate and agree that the following facts accurately describe my conduct.  These facts provide a basis for the Court to accept my guilty plea:

> On May 14, 2021, I knowingly left the GEO Care Residential Re-entry Center in Salt Lake City and by my own choice failed to return.  At the time, I was serving the remainder of my federal sentence on a 2018 conviction for Credit Union Robbery.

12.  I have no plea agreement with the United States.  I chose to plead guilty without the agreement because I want to ask the Court for a prison sentence lower than what the government was willing to offer me.  At the same time, I don't wish to have a trial because I am guilty.  I am doing so understanding the following:

a.  **Guilty Plea.**  I will plead guilty to Count I of the Indictment.

b.  **Relevant Conduct.**  I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both.  I understand and agree that the Court may take these facts into consideration in sentencing.

c.  **Acceptance of Responsibility.**  I understand that my attorney will ask the Court to decrease my offense level under the U.S. Sentencing Guidelines by two levels

for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a). I have no agreement with the United States for an additional one-level reduction in the offense level, under the Sentencing Guideline § 3E1.1(b).

        d. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

        e. **Restitution.**

        (1)    I understand that in some cases the Court can order restitution pursuant to 18 U.S.C. § 3663, but I also understand that restitution is not applicable in this case.

        13.    I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*    *    *    *

4

I make the following representations to the Court:

1.    I am _4/8_ years of age. My education consists of _GED / 11th grade_.
I _____ [can/cannot] read and understand English.

2.    No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

3.    Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

4.    I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5.    I am satisfied with my lawyer.

6.    My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

7.    I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this statement because all of the statements are correct.

DATED this ___14th___ day of ___October___, 2022.

_____
JEREMY VAN DUREN
Defendant

I certify that I have discussed this plea with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this ___14th___ day of ___October___, 2022.

_____
NATHAN PHELPS
Attorney for Defendant

5