Scott Keith Wilson, Federal Public Defender (#7347)
Nathan Phelps, Research and Writing Specialist (#14752)
OFFICE OF THE FEDERAL PUBLIC DEFENDER, DISTRICT OF UTAH
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
nathan_phelps@fd.org
Attorneys for Defendant

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY VAN DUREN<br><br>Defendant. | **Position of Mr. Van Duren with Respect to Sentencing Factors and Memorandum in Support of Sentence**<br><br>Case No. 2:22-cr-182<br><br>Judge Howard C. Nielson |

Jeremy Van Duren, though counsel, asks this court to impose a sentence of two-weeks imprisonment and a supervised release condition that requires a period of home detention for a period of eight months. That sentence is appropriate for the facts of this case and under the relevant § 3553(a) factors. This sentence is a slight variation on what is suggested by the Guidelines.

Under the Sentencing Guidelines, it is expected that this court will find that Mr. Van Duren has an offense level of 7 and that he falls into criminal history category IV. *See* PSR ¶ 73. That results in a guideline range in Zone B of 8 to 14 months. When a defendant has a range in Zone B, the Guidelines state that the suggested sentence can be satisfied by "a sentence of imprisonment that includes a term of supervised release with a condition that

substitutes community confinement or home detention," with the period in home detention substituting for actual imprisonment on a day-for-day basis. PSR ¶ 73. The Guidelines suggest that such a sentence should require at least a one-month period of incarceration. PSR ¶ 73. Alternatively, the court can impose probation and require home detention as a condition as a substitute for incarceration. PSR ¶ 73.

The proposed sentence is consistent with the Guidelines. The small deviation—two weeks instead of a full month—accounts for the fact that Mr. Van Duren has been in custody, making probation option itself somewhat irrelevant here. At the same time, the period of home detention assures that Mr. Van Duren does not escape without serious punishment.

In light of the facts of this case, the proposed sentence is appropriate under the relevant § 3553(a) factors. In this case, Mr. Van Duren had spent three months in the halfway house before he walked away. At that time, he was about six weeks away from having his sentence expire when he walked away from the halfway house. PSR ¶ 6. That period of good conduct is not credited under the relevant Guideline provision—§ 2P1.1—so Mr. Van Duren receives the same punishment as someone who walked away the first chance they had. Another circumstance that justifies this sentence is the fact that Mr. Van Duren turned himself in. PSR ¶ 7. He understood he was at fault and knew that he had to face the consequences for his walkaway. This, too, is something that is not considered under the Guidelines. He has the same offense level as someone who hid themselves and forced authorities to bring them back into custody.

Another factor that justifies the proposed sentence is the punishment that Mr. Van Duren has already received for his conduct. Because of the good time he earned during his

time in custody, at the time he walked away, Mr. Van Duren had a release date of July 4, 2022. PSR ¶ 6. However, because of his escape, the BOP has punished him in absentia and revoked all the good time he earned. Consequently, the BOP now reports his release date as March 20, 2023. This means that regardless of what punishment this court imposes, Mr. Van Duren has already received an additional eight-months of punishment. Of course, that is a consequence of his own actions, but it something that should be considered in deciding what new punishment should be imposed.

The proposed sentence also gives Mr. Van Duren the best chance of success. His mother lives in the Salt Lake Valley and is willing to provide him a safe place to live during the period of home confinement. His mother needs the help because of her advanced age. And Mr. Van Duren has potential employment awaiting for him if released. During his time at the halfway house, he was successfully employed. His former employer has expressed a willingness to have Mr. Van Duren return to their employ if an opening is available. More significantly, home confinement, as opposed to confinement at the halfway house, allows Mr. Van Duren to avoid some of the influences that led him into this trouble.

In sum, the proposed sentence—a brief period of incarceration followed by an eight-month period of home confinement—is an appropriate and just sentence. It is the sentence the court should impose.

**Statement of Good Faith**

Mr.Van Duren does not dispute the Guideline Calculation set forth in the presentence report. He has conferred in good faith with the probation office and opposing counsel in an attempt to resolve any disputed matters.

3

DATED January 11, 2023.

*/s/ Nathan Phelps*
Counsel for Jeremy Van Duren